Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3394 | **DATE** | 10/3/2002 |
| **CASE TITLE** | CHRISTOPHER DUBOSZ, et al vs. BARRINGTON DODGE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' petition for attorneys' fees is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 07 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 37 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | OCT 07 2002 | |
| TBK | courtroom deputy's initials | 02 OCT -4 PM 3:56 FILED-TD | date mailed notice mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER and SUZANNE DOBOSZ, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BARRINGTON DODGE, INC., )<br>)<br>Defendant. ) | No. 01 C 3394<br>Paul E. Plunkett, Senior Judge<br><br>DOCKETED<br>OCT 07 2002 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs sued defendant for its alleged violations of the Federal Odometer Requirements Act, 49 U.S.C. § 32701, et seq., and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/1, et seq. and for fraud. On June 25, 2002, defendant agreed to pay plaintiffs $6,000.00 to settle this suit. Plaintiffs now seek to recover more than $13,000.00 in attorneys' fees under the fee-shifting provisions of the statutes. For the reasons set forth below, plaintiffs' petition for attorneys' fees is denied.

## Background

In April 2000, plaintiffs bought a 1996 Dodge Stratus from defendant for $6,547.03. (Second Am. Compl., Ex. A, Retail Installment Contract.) At the time of the purchase, defendant told

plaintiffs the title was unavailable and had them execute a secure power of attorney, which said that the car had an actual mileage of 79,853 miles. (Pls.' Reply Def.'s Resp. Pls.' Pet. Att'y's Fees, Ex. 1, Illinois Secure Power Att'y.) In addition, defendant provided plaintiffs with a disclosure statement that said the car's odometer reading of 79,853 miles was the actual mileage on the car. (Second Am. Compl., Ex. B, Odometer Disclosure Stmt.)

About a year later, plaintiffs went to Woodfield Ford to purchase another car and were offered $4500.00 for the Stratus as a trade-in. (Def.'s Exs. Fee Pet. Resp. Br., Ex. A, Suzanne Dobosz Dep. at 42-44.) Subsequently, however, Woodfield Ford discovered that the Stratus' title was branded "not actual mileage," meaning it had been driven more miles than its odometer indicated. (Id. at 44-46; Pls.' Reply Def.'s Resp. Pls.' Pet. Att'y's Fees, Ex. 2, Title.) Woodfield refused to take the car under those conditions, but kept the trade-in offer open for twenty-four hours to give plaintiffs an opportunity to remove the cloud from the title. (Def.'s Exs. Fee Pet. Resp. Br., Ex. A, Suzanne Dobosz Dep. at 46.)

When plaintiffs discussed the situation with defendant, defendant offered to buy the car back for $4500.00, the amount offered by Woodfield Ford, or correct the title. (Id. at 52-57.) Plaintiffs refused both offers. (Id.)

On April 13, 2001, the original owners of the car, Jennifer and Lawrence Zitkus, admitted that they had inadvertently checked the "not actual mileage" box on their title application for the Stratus. (Def.'s Exs. Fee Pet. Resp. Br., Ex. D, Stmt. Inadvertent Error.) On May 3, 2001, the Illinois Secretary of State issued a corrected title to the Stratus that indicated the odometer reading was its actual mileage. (Id., Ex. F, Corrected Title.)

Plaintiffs concede that the mileage on the Stratus' odometer was, in fact, its actual mileage. (Id., Ex. E, Diklich Dep. at 34; Pls.' Pet. Att'y's Fees at 2 (admitting that "the mileage disclosed was rather accurate").) They contend, however, that defendant violated federal and state law because it concealed the original title, with the not actual mileage brand, from them by falsely representing that it was unavailable and having plaintiffs execute a secure power of attorney.

## Discussion

Among other things, the Federal Odometer Requirements Act requires any person who transfers ownership of a motor vehicle to disclose to the buyer the vehicle's cumulative mileage or the fact that the actual mileage is unknown. 29 U.S.C. § 32705(a)(1), (2). Anyone who violates the statute "with intent to defraud, is liable for 3 times the actual damages or $1,500, whichever is greater." 29 U.S.C. § 32710(a). In addition to damages, the statute instructs courts to "award costs and a reasonable attorney's fee to the person *when a judgment is entered* for that person." 49 U.S.C. § 32710(b) (emphasis added). The parties settled this case. Thus, no judgment has been, or ever will be, entered in plaintiffs' favor on the Odometer Act claim. Because the plain language of the statute makes receipt of a favorable judgment a prerequisite to a fee award, plaintiffs cannot recover attorneys' fees under the Odometer Act.

Plaintiffs also sued defendant under the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"). That statute prohibits "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, . . . in the conduct of any trade or commerce." 815 ILL. COMP. STAT.

-3-

505/2. The statute permits "[a]ny person who suffers actual damage as a result of a violation of [the] Act" to file suit and authorizes courts to award "reasonable attorney's fees and costs to the prevailing party." 815 ILL. COMP. STAT. 505/10a(a), (c).

The first question, then, is whether plaintiff has prevailed in this suit. The parties did not provide, and we could not find, any Illinois cases addressing prevailing party status in the context of a settled Consumer Fraud Act case. In the context of a contract with a fee-shifting provision, however, the appellate court has said "[a] party can be considered a 'prevailing party' . . . when he is successful on any significant issue in the action and achieves some benefit in bringing suit." Grossinger Motorcorp., Inc. v. American Nat'l Bank & Trust Co., 607 N.E.2d 1337, 1348 (Ill. App. Ct. 1993). Given that definition, plaintiffs say their $6,000.00 recovery from defendant makes them prevailing parties.

The Court isn't so sure. The Consumer Fraud Act limits recovery to those who suffer "actual damage" as a result of a statutory violation. It is not clear that plaintiffs did. Plaintiffs' only evidence of damage was from their expert, Richard Diklich. In his report, Mr. Diklich says that the not actual mileage brand on the Stratus' title diminished its value by $2,000.00. (Pls.' Fee Pet., Ex. B, Diklich Rep. at 2.) Moreover, he said that the very existence of the brand in the title history might diminish the value of the Stratus, even after the title was corrected. (Def.'s Exs. Fee Pet. Resp. Br., Ex. E, Diklich Dep. at 41-42.)

Subsequently, however, Mr. Diklich contradicted those statements. He said that the branded title would not have diminished the value of the Stratus if it were clear, at the time of purchase, that the title could be corrected, (id. at 66), testimony that casts doubt on plaintiffs' claim that they were injured by the branded title. So does plaintiffs' testimony about their treatment by Woodfield Ford.

-4-

According to plaintiffs, Woodfield Ford offered them $4500.00 for the Stratus both before and after it learned of the not actual mileage brand. (Def.'s Exs. Fee Pet. Resp. Br., Ex. A, Suzanne Dobosz Dep. at 42-46.) The fact that Woodfield Ford did not decrease its trade-in offer after learning of the title brand seriously undermines Mr. Diklich's testimony that such a brand continues to be a liability even after it is corrected. Given these evidentiary shortcomings, plaintiffs have not sufficiently demonstrated that they suffered actual damage from defendant's alleged actions, and thus, that they prevailed on their Consumer Fraud Act claim.

Even if they had, however, we still would not award fees in this case. Among the factors to be considered in determining whether to award fees are:

> (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Act; and (5) the relative merits of the parties' positions.

Graunke v. Elmhurst Chrysler Plymouth Volvo, Inc., 617 N.E.2d 858, 863-64 (Ill. App. Ct. 1993). In this case, the factors clearly militate against an award of fees.

Plaintiffs have little proof of defendant's bad faith, "an important" and often "controlling" factor in fee determinations. Id. at 864. Though they allege that defendant used the secure power of attorney to conceal the branded title from them, there is no evidence that the title was actually available to defendant when plaintiffs purchased the car. Absent such evidence, and given plaintiffs' admission that the mileage on the Stratus was accurate, we cannot conclude that defendant acted in bad faith.

The other factors also disfavor a fee award. Given the weakness of plaintiffs' evidence on actual damage, defendant's position that it could not be held liable under the Consumer Fraud Act

is at least as meritorious as plaintiffs' claim of liability. Further, there is no indication that this suit was intended to, or would, have an impact on consumers at large. Plaintiffs did not sue on behalf of a class and do not contend that defendant routinely uses deceptive behavior to sell cars. Moreover, the dearth of evidence that defendant intentionally deceived plaintiffs suggests that the deterrent effect of any fee award would be minimal, at best. For all of these reasons, we would decline to award fees to plaintiffs in this case, even if they had demonstrated that they were prevailing parties within the meaning of the Consumer Fraud Act.

## Conclusion

For the reasons set forth above, plaintiffs' petition for attorneys' fees is denied.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: 10-3-02